Selden Fred MANARD, Plaintiff,

v.

ST. LAWRENCE CARRIERS, INC., Defendant and Third-Party Plaintiff,

v.

UNITED STATES PUBLIC HEALTH SERVICE et al., Third-Party Defendant.

No. 1933.

United States District Court
D. Delaware.

April 18, 1967.

Frank O'Donnell, Wilmington, Del., and Dorfman, Pechner, Sacks & Dorfman, Philadelphia, Pa., for Selden Fred Manard.

William T. Lynam, III, Wilson & Lynam, Wilmington, Del., for St. Lawrence Carriers, Inc.

## OPINION

LAYTON, District Judge.

This is a seaman's action brought for the recovery of maintenance and cure, penalty wages, unearned wages, attorneys' fees, damages and interest allegedly due from the defendant shipowner for injuries suffered aboard the defendant's ship, the SS "Saint Lawrence." Plaintiff's amended libel contains four separate causes of action. The defendant has brought the instant motion to dismiss the fourth cause of action for failure to state a claim upon which relief can be granted. (There is a third party defendant in this action who takes no position on this motion.)

The following facts are alleged. The plaintiff joined the St. Lawrence as boatswain on September 3, 1965, while the vessel was harbored at San Pedro, California. On or about September 8, the plaintiff complained of pains in his chest, and he was referred to the Marine Hospital in San Pedro.

The plaintiff had previously been given a physical examination on September 2, and been declared fit for duty. On September 8, he was examined again, this time at the U. S. Public Health Hospital at San Pedro, given a chest X-ray, and it was then concluded that plaintiff was fit to sail. On September 9, the ship sailed with the plaintiff aboard. On September 10, the hospital doctor who had examined plaintiff September 8 read the X-rays and found evidence in the chest cavity indicating the possibility of tuberculosis. Since the ship had already left San Pedro, plaintiff was not able to leave the ship until it reached Balboa. He was put ashore and admitted to a hospital there on September 23. Five days later, he was released to travel to the United

States, and for the next year he was treated on various occasions at the U. S. Public Health centers in San Pedro and San Francisco. He was declared fit for duty on October 24, 1966.

Plaintiff's fourth cause of action alleges the foregoing facts, and the fact that plaintiff seeks recovery, in part, for "unearned wages."[1] He alleges that he has made demand upon the defendant to pay such unearned wages, but that the defendant has refused and continues to refuse to pay the same. Finally, he alleges that such refusal has been wilful and unreasonable, as a result of which he was forced to bring a lawsuit for the collection of the said unearned wages and he will incur the burden of paying a counsel fee as a result. He seeks, therefore, to be reimbursed for these counsel fees.

The defendant has filed the instant motion to dismiss this fourth cause of action. It argues that the demand for counsel fees in a suit to recover unearned wages is without precedent. The plaintiff contends that since counsel fees have been recovered by a seaman when legal action was necessary to collect maintenance and cure payments, by very strong analogy, counsel fees should be permitted in an action to recover unearned wages wrongfully withheld.

Plaintiff relies on Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962), where a shipowner was held liable for counsel fees in a suit by a seaman to collect maintenance and cure.[2]

Defendant argues, however, that *Vaughan* is not applicable because there the suit was for maintenance and cure while here it is for unearned wages. *Vaughan* did state, in the course of considering the recovery of counsel fees generally, that "[o]ur question concerns damages. * * *" 369 U.S. at 530, 82 S.Ct. 997. The loss of unearned wages

is no less an aspect of damages to a seaman than the loss of maintenance and cure.

But of more importance is the fact that a seaman's right both to unearned wages and maintenance and cure springs from the same historical derivation. In The Osceola, 189 U.S. 158, 175, 23 S.Ct. 483, 47 L.Ed. 760 (1903), the Supreme Court stated unequivocally that the proposition of law was settled:

> "That the vessel and her owners are liable, in case a seaman falls sick * * * in the service of the ship, *to the extent of his maintenance and cure, and to his wages, at least so long as the voyage is continued.*" (Emphasis added.)

Insofar as research discloses, this principle has never been questioned.

It would seem logically to follow, then, that in a suit by a seaman, who fell ill during a voyage, to recover unearned wages to the end of that voyage, counsel fees are recoverable.

Defendant's motion to dismiss is denied.

---

1. Unearned wages are those wages which a seaman may be entitled to from the time he becomes sick or injured in the service of his ship until the end of the voyage.

2. In that case, the allusion in the opinion to the callous attitude of the shipowner in deliberately refusing to pay maintenance and cure where clearly due has caused some confusion in the authorities. The point need not be considered here because the complaint itself charges that the attitude of the shipowner in refusing to pay the wages in question was wilful and unreasonable.